IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-12-279-D |
| Oklahoma Department of Corrections, et al., | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges violations of his constitutional rights, and on March 20, 2012, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* and supporting certified statement of his institutional accounts. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set out below, it is recommended that Plaintiff's motion be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $350.00 filing fee before he is allowed to proceed in this action.

Title 28 U.S.C. § 1915(g), the "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not preclude the filing of a civil action by a prisoner with "three strikes," but it eliminates the privilege of proceeding *in forma pauperis* unless the prisoner demonstrates the "imminent danger of serious physical injury" exception. If the "imminent danger" exception is not demonstrated, the prisoner with "three strikes" may still proceed in a civil action or appeal by paying the full amount of the filing fee.

Taking judicial notice of the Court's records, Plaintiff has previously been denied the privilege of proceeding *in forma pauperis* in civil actions filed in this Court based upon the finding that Plaintiff had, at that time, previously filed three or more civil actions that were dismissed for failure to state a claim for relief and/or as frivolous. See Berryhill v. Workman, Case No. CIV-11-363-D (Order entered May 20, 2011, DeGiusti, D.J.)(appeal dismissed for lack of prosecution); Berryhill v. Jones, Case No. CIV-11-307-D (Order entered April 21, 2011, DeGiusti, D.J.); Berryhill v. Vicki Miles-LaGrange, Case No. CIV-10-802-H (Order entered September 30, 2010, Heaton, D.J.)(appeal dismissed for lack of prosecution); Berryhill v. Greenway, Case No. CIV-10-714-D (Order entered August 4, 2010, DeGiusti, D.J.)(appeal dismissed for lack of prosecution); Berryhill v. Halvorson, Case No. CIV-08-197-D (Order entered April 24, 2008, DeGiusti, D.J.); Berryhill v. Poppell, Case No. CIV-99-407-T (Order entered May 25, 1999, Thompson, D.J.). In these cases, Plaintiff's actions were dismissed without prejudice to refiling upon full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).

In District Judge Thompson's Order entered in Berryhill v. Poppell, Case No. CIV-99-407-T, on May 25, 1999, Judge Thompson directed the Clerk of the Court "not to accept for filing from the plaintiff any civil actions accompanied by an application to proceed in forma pauperis unless the complaint alleges the plaintiff is under imminent danger of serious physical injury."[1] Despite this Order, Plaintiff has continued to file civil actions and to seek *in forma pauperis* status without satisfying the requirements of 28 U.S.C. § 1915(g).

It is clear from the Court's records that Plaintiff is subject to the rule in 28 U.S.C. §1915(g) barring him from proceeding *in forma pauperis* in this action unless the exception set forth in the statute applies. In his Complaint, Plaintiff alleges he is being subjected to "cruel and unusual punishment and deliberate indifference to [his] serious medical needs and intentional infliction of severe emotional distress [and] pain [and] suffering." Plaintiff asserts that because of missing teeth he requested and receives meals consisting of "beans every day

[1]Taking judicial notice of the records of the United States District Court for the Eastern District of Oklahoma, Plaintiff has filed multiple civil actions in that court which have been dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1). Berryhill v. Evans, Case No. CIV-10-126-RAW (Opinion and Order and Judgment entered June 14, 2010, White, D.J.)(appeal dismissed for lack of prosecution); Berryhill v. Seay, Case No. CIV-10-151-JHP (Opinion and Order and Judgment entered May 10, 2010, Payne, D.J.)(appeal dismissed for lack of prosecution); Berryhill v. White, Case No. CIV-10-176-JHP (Opinion and Order and Judgment entered June 7, 2010, Payne, D.J.)(appeal dismissed for lack of prosecution); Berryhill v. Payne, Case No. CIV-10-188-JHP (Opinion and Order and Judgment entered June 14, 2010, Payne, D.J.)(appeal dismissed for lack of prosecution). Also, in multiple actions filed by Plaintiff in the United States District Court for the Eastern District of Oklahoma, Plaintiff's applications to proceed *in forma pauperis* has been denied pursuant to 28 U.S.C. § 1915(g) and the causes of action dismissed due to Plaintiff's failure to pay the filing fee. Berryhill v. Henry, Case No. CIV-10-91-FHS; Berryhill v. Guthrie, Case No. CIV-10-246-JHP (appeal dismissed for lack of prosecution); Berryhill v. Payne, Case No. CIV-10-247-JHP (appeal dismissed for lack of prosecution); Berryhill v. Workman, Case No. CIV-11-324-FHS.

or twice a day . . ." and that his request for a partial dental plate has been denied. However, Plaintiff has made no credible allegation that he is presently in danger of serious physical injury.

Because Plaintiff has not demonstrated that he is in imminent danger of serious physical injury, the exception to the application of the "three strikes" provision in 28 U.S.C. § 1915(g) does not apply. Hence, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* should be denied and the action should be dismissed unless the filing fee is paid.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 6) be DENIED and that the cause of action be DISMISSED without prejudice unless Plaintiff pays the $350.00 filing fee within twenty (20) days from the date of any order adopting this Report and Recommendation. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by April 16th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 27th day of March, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE