IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL, )
)
        Plaintiff, )
)
vs. ) No. CIV-12-279-W
)
OKLAHOMA DEPARTMENT OF )
CORRECTIONS et al., )
)
        Defendants. )

FILED
APR 20 2012
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## ORDER

On March 27, 2012, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter, and he recommended that the Motion for Leave to Proceed in Forma Pauperis [Doc. 6] filed by plaintiff Lavern Berryhill be denied and the matter be dismissed without prejudice unless Berryhill paid the filing fee in its entirety within a designated time. See Doc. 7.

Berryhill was advised of his right to object, see id. at 4, and the matter now comes before the Court on Berryhill's Objection to Magistrate's Report and Recommendation and Affidavit. See Doc. 8.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Berryhill's request to proceed without prepayment of fees and costs. As Magistrate Judge Purcell found, Berryhill's request is governed by title 28, section 1915(g) of the United States Code, which provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U. S. C. § 1915(g). This section does not preclude an inmate whose litigation history includes three or more prior occasions, or "strikes," from commencing a civil action; it only eliminates the inmate's privilege of proceeding in forma pauperis unless the inmate can demonstrate "imminent danger of serious physical injury."

Because Berryhill has previously filed more than three civil actions that have been dismissed for failure to state a claim for relief and/or as frivolous,[1] he is obligated to make a credible showing that he is "under imminent danger of serious physical injury." A review of Berryhill's complaint reveals that Berryhill has complained that he has been denied dental care even though he has only fifteen (15) teeth and his top two front teeth are loose and his gums are sore making it painful to chew and that he is given nothing but "beans everyday or twice a day, brown, red and white beans mixed together." Doc. 1 at 3-4. Berryhill has further complained in conclusory terms about the prison officials' "cruel and unusual punishment and deliberate indifference to [his] . . . serious medical needs and [their] intentional infliction of severe emotional distress [and] pain [and] suffering." Id. at 2.

Even after construing Berryhill's allegations liberally, the Court finds that Berryhill has failed to advance "specific, credible allegations of imminent danger of serious physical harm[,]" Hafed v. Federal Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011), and has

---

[1] E.g., Berryhill v. Beckman, No. CIV-85-1364-E (W.D. Okla.); Berryhill v. Maynard, No. CIV-88-1034-T (W.D. Okla.); Berryhill v. Faulk, No. CIV-92-1705-T (W.D. Okla.); Berryhill v. Poppell, No. CIV-99-407-T (W.D. Okla. May 25, 1999); Berryhill v. Halvorson, No. CIV-08-197-D (W.D. Okla. April 24, 2008); Berryhill v. Miles-LaGrange, No. CIV-10-802-HE (W.D. Okla. September 30, 2010); Berryhill v. Jones, No. 11-307-D (W.D. Okla. April 21, 2011).

2

further failed to "make a 'specific reference as to which of the [twelve] defendants . . . denied him . . . treatment . . . on what occasion.'" Id. at 1180 (quotation omitted).[2] Accordingly, Berryhill has not made the requisite showing under section 1915(g) and does not qualify for in forma pauperis status.

The Court therefore

(1) ADOPTS the Report and Recommendation [Doc. 7] issued on March 27, 2012;

(2) DENIES Berryhill's Motion for Leave to Proceed in Forma Pauperis [Doc. 6] file-stamped March 20, 2012;

(3) ORDERS Berryhill to pay the filing fee of $350.00 in full to the Clerk of the Court no later than May 11, 2012; and

(4) CAUTIONS Berryhill that his failure to pay the filing fee in the full amount by such date shall result in dismissal of this matter without prejudice.

ENTERED this 20th day of April, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2] In his complaint, Berryhill has alleged that in December 1990 he "requested a partial [plate] and never received it," Doc. 1 at 3, and in 2000, he unsuccessfully initiated litigation over the denial of dental care. E.g., id.